UNITED STATES BANKRUPTCY COURT
MIDDLE DISRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| **Ronnie Randle and** ) | Case No. 17-51312 | |
| **Anita Larhonda Randle** ) | | |
| ) | | |
| **Debtors** ) | | |
| _____) | | |
| ) | | |
| **Ronnie Randle and** ) | Ad. Proc. No. 18-6018 | |
| **Anita Larhonda Randle** ) | | |
| ) | | |
| **Plaintiffs** ) | | |
| vs. ) | | |
| ) | | |
| **Saga Auto Sales, Inc.** ) | | |
| ) | | |
| **Defendant.** ) | | |
| _____) | | |

### MEMORANDUM OPINION

THIS MATTER came before the court on August 15, 2018, upon the Plaintiffs' Motion for Default Judgment. Ann Charlotte Dowless, counsel for the Plaintiffs, William P. Miller, Bankruptcy Administrator, and Vernon Cahoon, counsel for Chapter 13 Trustee Kathryn L. Bringle, appeared at the hearing. The Plaintiffs were present and testified. No other party appeared or objected to the Motion. The court, having considered the pleadings, arguments, evidence, and the entire record in this case, makes the following findings of fact and conclusions of law:

### FACTS

1. On May 10, 2017, the Plaintiffs purchased a 2011 Cadillac Escalade from the Defendant, Saga Auto Sales. As reflected on the bill of sale, the Plaintiffs purchased the vehicle for

1

$21,243.44. (Exhibit 1). The Plaintiffs paid $14,000.00 in cash on the date of purchase and financed the remaining $7,243.44, orally agreeing to make biweekly payments to the Defendant in the amount of $200.00. The Plaintiffs chose this particular vehicle because it could accommodate a lift and wheelchair.

2. The Plaintiffs made biweekly vehicle payments of approximately $200.00 from June 2017 through September 2017. They then fell behind on their payments, missing payments in October and November.

3. On December 1, 2017, the Defendant repossessed the vehicle. The Defendant released the vehicle to the Plaintiffs on December 2, 2017 after the receipt of $2,100.00. (Exhibit 2). The receipt for this payment shows that the Plaintiffs' next payment was due on December 9, 2017.

4. The Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 8, 2017 due to concerns about maintaining possession of the vehicle. Along with their petition, the Plaintiffs filed a notice to creditors and proposed plan in which they proposed to pay the Defendant's secured claim through the plan in full. The accompanying certificate of service reflects that Plaintiffs' counsel sent a copy of the notice and proposed plan to the Defendant by first class mail on December 8, 2017.

5. Having filed their bankruptcy petition, the Plaintiffs did not make a $200.00 payment to the Defendant on December 9. On December 10, 2017, the Defendant repossessed the vehicle again. At the time, the vehicle contained various items of personal property including Mrs. Randle's electric mobility scooter, two pairs of shoes, and a family heirloom.

6. On December 11, 2018, Plaintiffs' counsel provided for notice of the bankruptcy filing to be hand delivered to the Defendant. Also, Plaintiffs' counsel spoke with the manager of the Defendant by telephone and was informed that neither the vehicle nor the personal items would be returned, and that the Defendant would not appear in court unless compelled to do so. Plaintiffs' counsel contacted the Defendant on at least eight subsequent occasions and requested return of the vehicle and other personal property.

7. In February and again in March, the Chapter 13 Trustee's office returned telephone calls from the Defendant and discussed the bankruptcy filing and the filing of a proof of claim.

8. On May 22, 2018, the Plaintiffs filed the complaint against the Defendant asserting claims for (1) turnover of property of the estate; (2) sanctions for violation of the automatic stay under 11 U.S.C. § 362(k); (3) violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692; and (4) various violations of Chapter 75 of the North Carolina General Statutes. The Plaintiffs seek to recover actual damages, civil penalties, attorney's fees, and punitive damages.

9. The complaint sets forth that (1) the Defendant repossessed the vehicle from the Plaintiffs postpetition after having received actual notice of the bankruptcy filing; (2) despite repeated requests, the Defendant refused to return the vehicle and other personal property; and (3) the Defendant remained in possession of the vehicle up until the time the complaint was filed, over five months after the petition date.

10. The clerk of court issued summons on the Defendant on May 23, 2018, and the Plaintiffs filed a certificate of service showing summons service was executed on the Defendant on May 25, 2018. The Defendant failed to answer or otherwise plead, and the clerk entered default on July 17, 2018.

11. On two separate occasions in June and July, the Plaintiffs drove by the Defendant's premises and visually confirmed that the vehicle remained in the Defendant's possession.

12. The Plaintiffs filed the motion for default judgment on July 25, 2018 and a hearing on damages was set for August 15, 2018. Sometime after the motion was filed, the vehicle was removed from the Defendant's premises. The Plaintiffs' OnStar system indicated that the vehicle was located in Florida. The Defendant has not filed a claim in the Plaintiffs' bankruptcy case.

13. At the hearing on damages, the Plaintiffs presented credible and uncontroverted evidence that as a result of the repossession, they experienced financial and personal hardship. In addition to the loss of the substantial equity in the vehicle, the Plaintiffs lost personal property in the vehicle in the amount of approximately $4,300.00. Mr. Randle lost wages of approximately $1,000.00 due to various appointments and the hearing. Also, the Plaintiffs maintained insurance on the vehicle as required by the standing Chapter 13 procedures order at a cost of approximately $243.00 per month until June 2018, despite not having possession of the vehicle. And finally, both Plaintiffs have experienced stress and anxiety as a result of the repossession and subsequent efforts to obtain the return of the vehicle. Specifically, Mrs. Randle suffered from health-related issues and was prescribed a medication with a copayment of $60.00 per month; she began this medication in December 2017 and continues to take the medication.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 55 provides for a two-step process for the entry of judgment against a party who fails to defend or otherwise plead. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b), after entry of default a party may move for default judgment, and the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b). A defaulting party is deemed to have admitted all well-pleaded allegations of fact made in the complaint, but not conclusions of law. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001); *Oppenheimer v. Holt*, No. 1:14-CV-000208-MR, 2015 WL 2062189, at *2 (W.D.N.C. May 4, 2015). Default judgment should only be entered if the factual allegations state a claim upon which there is a legal basis for relief to be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").

      The Plaintiffs assert four claims for relief in their complaint. As to their first claim, turnover of property of the estate, at the hearing the Plaintiffs indicated that they no longer sought turnover of the vehicle in light of concerns about the feasibility of turnover (it appears likely that the vehicle has been sold to a third party) and the condition of the vehicle eight months post-repossession.[1] As such, this claim has been abandoned and will be dismissed.

      Turning to the Plaintiffs' second claim for relief for violation of the automatic stay, § 362(k)(1) provides that "an individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The allegations in the complaint, as well as the evidence presented in support of the Plaintiffs' motion, establish that the Defendant is liable to the

---

[1] The Plaintiffs did not seek turnover of the personal property contained within the vehicle.

5

Plaintiffs for intentionally and deliberately violating 11 U.S.C. § 362(a). The only issue before the court is the amount of damages, both actual and punitive, to which the Plaintiffs are entitled.

Having reviewed the evidence and record, the court finds that the Plaintiffs have incurred actual damages of $23,100.00, including the loss of substantial equity in the vehicle, the personal property taken along with the vehicle, lost wages, medical expenses, travel expenses, and vehicle insurance. In addition, Plaintiffs' counsel filed an affidavit documenting fees incurred through the date of the hearing in the amount of $4,040.00.

The court may award punitive damages under 11 U.S.C. § 362(k)(1) in appropriate circumstances. Courts frequently award punitive damages under § 362(k) for intentional or egregious conduct, in order to deter similar future conduct. *See In re Adams*, 516 B.R. 361, 376 (Bankr. S.D. Miss. 2014) (finding punitive damages of $6,600.00 appropriate where the creditor repossessed the debtors' vehicle with notice of the automatic stay); *Stephens v. Guaranteed Auto, Inc. (In re Stephens)*, 495 B.R. 608, 617 (Bankr. N.D. Ga. 2013) (finding punitive damages of $17,890.00 appropriate where the creditor repossessed the debtor's vehicle prepetition, refused to return the vehicle after notice of the automatic stay, and sold the vehicle without notice to the debtor); *Bishop v. U.S. Bank (In re Bishop)*, 296 B.R. 890, 899 (Bankr. S.D. Ga. 2003) (finding punitive damages in the amount of $50,000.00 appropriate where creditor engaged in reprehensible conduct, including harassing the debtor and repossessing the debtor's vehicle with knowledge of the automatic stay); *In re Bolen*, 295 B.R. 803, 812 (Bankr. D.S.C. 2002) (finding punitive damages of $12,500.00 appropriate where creditor repossessed debtor's vehicle postpetition with notice of the automatic stay, then retained the truck for ten weeks); *In re Meeks*, 260 B.R. 46, 48 (Bankr. M.D. Fla. 2000) (finding punitive damages in the amount

of $35,000.00 appropriate where the creditor repossessed the debtor's vehicle postpetition with actual knowledge of the automatic stay).

The court finds that the Defendant's actions constitute egregious conduct and warrant a substantial award of punitive damages. First, the Defendant wrongfully repossessed its collateral post-petition. Then, the Defendant demonstrated a continuing disdain and willful disregard for the automatic stay and the Plaintiffs' protections thereunder, refusing to return property of the bankruptcy estate in an ongoing violation of the stay for a period of over eight months. *In re Adams*, 516 B.R. 361, 375 (Bankr. S.D. Miss. 2014)(describing the creditor's refusal to return the repossessed vehicle for 25 days "despite the pleas of Debtors and their attorney" as "actions demonstrat[ing] a willful disregard and disdain for both the bankruptcy process and one of the most fundamental protections afforded to bankruptcy debtors, the automatic stay"). Further aggravating matters, it appears that the Defendant disposed of the vehicle after the Plaintiffs commenced this adversary proceeding. Moreover, the Defendant seized and refused to turn over personal property worth over $4,000.00 that was *not* its collateral, including a personal electric scooter that Mrs. Randle needed for her mobility. Despite numerous opportunities to participate in the Plaintiffs' bankruptcy case, the Defendant has completely failed to appear or present its position. By failing to appear before the court in this case, the Defendant exacerbated the damages to the Plaintiffs. Accordingly, the court finds that the Defendant's willful conduct and ongoing violation of 11 U.S.C. § 362 necessitates a punitive damage award of $25,000.00, and that such an award is an appropriate amount to deter the Defendant from repeating such conduct in transactions with future consumers.

Turning to the Plaintiffs' third claim, the Plaintiffs assert a claim under the Fair Debt Collection Practices Act, including 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2) and (5).

Section 1692f(1) prohibits the collection "of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Section 1692e(2) prohibits the false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. Section 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken. A company may collect debts that it purchased for its own account without triggering the statutory definition of a debt collector under the Fair Debt Collection Practices Act. *Henson v. Santander Consumer, Inc.,* 137 S. Ct. 1718, 1722 (2017). Here, the Defendant was a creditor attempting to collect on a debt owed to the Defendant and originating with the Defendant. Because the Defendant does not fall within the Federal Debt Collection Practices Act definition of a debt collector, the Plaintiffs are not entitled to relief under this claim, and the claim will be dismissed.

In their fourth claim, the Plaintiffs allege the Defendant's actions were in violation N.C. Gen. Stat. § 75-54(4) and (6) and N.C. Gen. Stat. § 75-55(2). N.C. Gen. Stat. § 75-54 prohibits a debt collector from collecting or attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or misleading representation. The complaint does not contain any allegation that the Defendant made fraudulent or misleading representations, nor does it contain any factual allegations in support of such a claim. N.C. Gen. Stat. § 75-55(2) prohibits a debt collector from "[c]ollecting or attempting to collect from the consumer all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge." The complaint does not allege that the Defendant collected or attempted to collect

improper fees, expenses, or charges nor does it contain any factual allegations relating to that element of the claim. Therefore, the Plaintiffs are not entitled to damages for violations of Chapter 75 of the North Carolina General Statutes, and the claim will be dismissed.

## CONCLUSION

The Plaintiffs first, third, and fourth claims for relief will be dismissed. On their second claim for relief, the Plaintiffs' motion for default judgment will be granted, and the Plaintiffs are entitled to actual damages in the amount of $23,100.00, attorney's fees of $4,040.00, and punitive damages of $25,000.00 pursuant to their second claim for relief. A judgment will be entered consistent with this memorandum opinion.

September 4, 2018
Date

LENA MANSORI JAMES
United States Bankruptcy Judge

PARTIES TO BE SERVED

Ronnie and Anita Randle vs Saga Auto Sales, Inc.
Adv. Pro. No. 18-6018 C-13

Ronnie and Anita Randle
390 Pine Hill Lane, Apt. 103
Kannapolis, NC 28083

Ann-Charlotte Dowless
Dowless Law Firm, P.C.
51 Cabarrus Avenue West
Concord, NC 28025

Kathryn L. Bringle
Chapter 13 Trustee
P.O. Box 2115
Winston-Salem, NC 27102-2115

Saga Auto Sales, Inc.
President Luis Martinez
2413 N. Main St.
Kannapolis, NC 28081

Saga Auto Sales, Inc.
Registered Agent for Service of Process Jorge L. Martinez
2413 N. Main St.
Kannapolis, NC 28081

William P. Miller
101 South Edgeworth St.
Greensboro, NC 27401